UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VANDIEBILT MATHEWS,**

    Plaintiff,

vs.              CASE NO: 1:17-cv-00529
                  HON.: ROBERT J. JONKER

**STATE OF MICHIGAN, MICHIGAN DEPARTMENT
OF CORRECTIONS, MUSKEGON CORRECTIONAL
FACILITY, WARDEN SHERRY BURT,
JAMES MACMEEKIM, NICHOLAS CUSACK,
and JOSEPH YOUNG
in their individual and official capacities,**

    Defendants

    Jointly and severally.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>amy.derouin@cjtrainor.com | ADAM L.S. FRACASSI (P79546)<br>JEANMARIE MILLER (P44446)<br>Assistant Attorney General<br>Attorneys for Defendants<br>Michigan Department of Attorney General<br>Civil Litigation, Employment & Elections Div.<br>PO Box 30736<br>Lansing, MI 48909<br>517-373-6434<br>FracassiA@michigan.gov<br>MillerJ51@michigan.gov |
|---|---|

## JOINT STATUS REPORT

**NOW COME** the parties, by and through their respective attorneys, and in accordance with the Court's *Notice of Scheduling Conference* [Docket No. 12] submit the following Joint Status Report:

A Rule 16 Scheduling Conference is scheduled for August 24, 2017, before the Hon. Robert J. Jonker. Appearing for the parties as counsel will be:

      Attorneys for the Plaintiff:    Amy J. DeRouin (P70514)

      Attorney for the Defendants: Jeanmarie Miller (P44446)

1. **JURISDICTION:**

The basis for this Honorable Court's jurisdiction is 28 U.S.C §1331 (federal question), 28 U.S.C § 1343 (civil rights). This Honorable Court also has supplemental jurisdiction over Plaintiff's state law claims. Defendants believe that this court may lack jurisdiction over certain claims that are barred by the Eleventh Amendment including many of the Plaintiff's state tort claims or the ELCRA claim and should decline to exercise supplemental jurisdiction over the pendent state law claims.

2. **JURY:**

This case will be tried before a jury.

3. **JUDICIAL AVAILABILITY:**

The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. **STATEMENT OF THE CASE:**

    (i) **Plaintiff's Position**

This case arises from Plaintiff's employment at Defendant Muskegon Correctional Facility ("Defendant MCF"). Plaintiff "Mr. Vandiebilt Mathews," an African-American male, was a prison counselor and, unlike some of his supervisors and co-workers, he treated the inmates with dignity and respect. Upon information and belief, Mr. Mathews' treatment toward

the inmates angered, among others, Defendants Burt, Cusack, Young, and MacMeekim. Moreover, Mr. Mathews repeatedly voiced his concerns regarding the violation of the inmates' constitutional rights as well as the abuse and/or mistreatment of the inmates at Defendant MCF. Consequently, Mr. Mathews endured race discrimination as well as retaliation by Defendants including, but not limited to, the incident on September 2, 2016 where he was initially assaulted by an inmate and instead of receiving assistance from Defendants, he was repeatedly tased, handcuffed, and detained for no legal justification whatsoever. Notably, Mr. Mathews' rights were further violated by Defendants when he received an unfair and partial investigation as to the September 2, 2016 incident. As of the date of this writing, Mr. Mathews remains on unpaid medical leave and has suffered and continues to suffer injuries and damages as a result of Defendants' unlawful and egregious actions.

Accordingly, Mr. Mathews filed the instant case and alleges the following claims against Defendants: (1) violation of the First Amendment, Retaliation; (2) violation of the Fourth Amendment, Unlawful Seizure Without Probable Cause; (3) violation of the Fourth Amendment, Excessive Force; (4) violation of the Fourteenth Amendment, Excessive Force; (5) Violation of the Fourteenth Amendment, Substantive Due Process; (6) violation of the Fourteenth Amendment, Procedural Due Process; (7) violation of the Equal Protection Clause; (8) violation of Title VII, Race Discrimination; (9) violation of the Michigan Elliott-Larsen Civil Rights Act, Race Discrimination; (10) Conspiracy; (11) Gross Negligence; and (12) Assault and Battery.

(ii) **Defendants' Position**

Defendants deny all the allegations in the complaint. First, Defendants deny that the Plaintiff was speaking as a "citizen" as he alleges, but rather he was speaking as an Employee within the Michigan Department of Corrections. Second, Defendants denying discriminating or

retaliating against the Plaintiff. Third, several allegations arise out of a fight that occurred in the facility where the prisoner was both the Plaintiff and prisoner were dressed in plain clothing and standard procedure was utilized. In this incident, no defendant used excessive force in attempting to deescalate the violence.

Further, Defendants affirmatively state that several claims brought in this complaint should be dismissed because they are barred by the Eleventh Amendment.

5. **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS:**

The Plaintiff expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by December 4, 2017.

Defendants believe that all motions for joinder of parties and motions to amend the pleadings should be filed by September 25, 2017.

6. **DISCLOSURES AND EXCHANGES:**

(i) Fed. R. Civ. P. 26(a)(1) disclosures: September 25, 2017.

(ii) Fed. R. Civ. P. 26(a)(2) disclosures: February 16, 2018

(iii) Fed R. Civ. P. 26(a)(3) disclosures: At least 30 days before trial.

(iv) None. The parties expect to handle all production of documents through traditional discovery.

7. **DISCOVERY:**

The parties believe that all discovery proceedings can be completed April 27, 2018. The parties recommend the following discovery plan:

The parties will engage in fact discovery where they will explore Plaintiff's claims and Defendants' defenses. The parties agree to the limitations established by the

Federal Rules of Civil Procedure. The parties will limit their interrogatories to not exceed more than 25. Discovery depositions will be limited to no more than 10 per side unless leave is permitted by the Court. Furthermore, the presumptive time limits for depositions (1 day of seven hours) should not be modified in this case unless leave is permitted by the Court.

8. **MOTIONS:**

    The parties anticipate that all dispositive motions will be filed by June 1, 2018. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

9. **ALTERNATIVE DISPUTE RESOLUTION:**

    The parties agree to voluntary facilitation after the parties' depositions have been taken in this matter.

10. **LENGTH OF TRIAL:**

    Counsel estimates the trial will last approximately 8 days, allocated as follows: 4 days for Plaintiff's case and 4 days for Defendants' case.

11. **PROSPECTS OF SETTLEMENT:**

    The parties have not engaged in settlement negotiations prior to the filing of this lawsuit. However, the parties intend to engage in said settlement negotiations after the Rule 16(f) conference has been held.

**12. ELECTRONIC DOCUMENT FILING SYSTEM:**

The parties agree to abide by the Local Civil Rule 5.7(a).

Respectfully Submitted,

/s/__Amy J. DeRouin                      /s/__Adam L.S. Fracassi_
Amy J. DeRouin (P70514)            Adam L.S. Fracassi (P79546)
Attorney for Plaintiff                    Attorney for Defendants